UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TRACY MAYERS                                      :
1218 Allaire Road                                 :
Spring Lake, New Jersey 07762                     :
                                                  :
             Plaintiff,                           :
                                                  :
       v.                                         :
                                                  :
NEW JERSEY TRANSIT RAIL                           :
OPERATION, Inc.                                   :
One Penn Plaza East                               :
Newark, NJ  07105-2246                            :
             Defendant.                           :

## COMPLAINT AND JURY DEMAND

COMES NOW the plaintiff, by and through her undersigned counsel, and claims of the defendant an amount in excess of the statutory arbitration limits and avers the following:

1. Plaintiff, Tracy Mayers, is an adult individual residing in Spring Lake, New Jersey.

2. Defendant, New Jersey Transit Rail Operations, Inc., is and was at all times material hereto a corporation duly organized and existing under and by virtue of law and was engaged in owning and operating a line and system of railroads and railroad properties as a common carrier of goods and passengers for hire in interstate commerce and transportation in, through and between various and several states of the United States and doing business in the State of New Jersey.

3. At all times material hereto and for some time prior thereto, plaintiff was in the employ of the defendant as a conductor in furtherance of the carrier's business of interstate commerce and transportation by railroad.

4. This action is brought pursuant to the Federal Employers' Liability Act, 45 U.S.C.A. §§51, et seq., the Federal Safety Appliance Act, 45 U.S.C.A. §§1, et seq., and the Locomotive Boiler Inspection Act, 45 U.S.C.A. §§23, et seq., recodified in 49 U.S.C.A. §§20701, et seq.

5. On or about January 23, 2014, plaintiff was working on Defendant's railroad tracks in or near the Hazlet, New Jersey, in the course and scope of her employment, when she was injured.

6. As a result of the aforementioned, Plaintiff was caused to suffer personal injuries more fully described below.

7. Plaintiff's injuries were caused both directly and proximately by the negligence, gross negligence, carelessness, recklessness and/or unlawful conduct of the defendant, by and through its agents, servants and/or employees and/or its ostensible agents, servants and/or employees in the following respects which include, but are not limited to:

(a) failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of her employment by failing to maintain the subject work area in a reasonably safe condition free of snow and/or ice and/or uneven walking surface;

(b) failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of her employment by requiring plaintiff to perform her assigned job tasks in an area made unsafe due to the presence of snow and/or ice and/or uneven walking surface;

(c) failing to warn plaintiff of the dangerous and/or hazardous condition of the work area, including but not limited to the snow and/or ice on walkways and/or uneven walking surface;

(d) failing to remedy and/or correct the defective, dangerous and/or hazardous conditions of the subject work area, as described above, when the defendant knew or should have known that said conditions existed;

- 3 -

(e) failing to use ordinary care to service and/or maintain the work area in a reasonably safe condition and in a condition free from the presence of unsafe walking conditions;

(f) failing to use ordinary care to properly inspect the work area to ensure that it was in reasonably safe condition;

(g) failing to comply with governmental and/or other applicable safety regulations and/or guidelines concerning the maintenance, operation and/or use of the subject work area;

(h) failing to discover, in the exercise of reasonable care, the defective, dangerous and/or hazardous conditions of the work area and the dangerous working conditions involving the walking surface;

(i) failing to provide plaintiff with a reasonably safe place to work by requiring plaintiff to perform her job duties in the immediate presence of snow and/or ice which covered objects in the ballast and posed an unreasonable risk of harm to plaintiff;

(j) failing to use ordinary care to furnish plaintiff with a reasonably safe place to work to perform the duties of her employment;

(k) failing to warn plaintiff of the dangerous and/or hazardous condition of the work area;

(l) failing to warn plaintiff of the dangerous and/or hazardous condition of the work area, including but not limited to the snow and/or ice on walkways and/or uneven walking surface;

(m) failing to remedy and/or correct the defective, dangerous and/or hazardous conditions of the work area, when the defendant knew or should have know that said conditions existed;

(n) failing to remedy and/or correct the defective, dangerous and/or hazardous conditions of the work area, including but not limited to the snow and/or ice on walkways and/or uneven walking surface, when the defendant knew or should have know that said conditions existed;

(o) failing to discover, in the exercise of reasonable care, the defective, dangerous and/or hazardous conditions of the work area;

(p) failing to inspect the area where plaintiff was injured;

(q) failing to provide plaintiff with reasonably safe place to work by requiring plaintiff to perform her job duties in the immediate presence of the dangerous condition.

8. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff was caused to suffer severe and permanent injuries, severe shock to her nerves and nervous system, aggravation, acceleration and/or activation of any and all pre-existing ailments and/or conditions, and more particularly, but not in limitation of, any other personal injuries she may have sustained, plaintiff suffered injuries to her back, by reason of which she has suffered great physical pain and mental distress which she yet suffers and will continue to suffer into the future.

9. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff was obliged to expend

significant sums of money for medical treatment and will be required to expend considerable amounts of money into the future for medical care in order to effect a cure and/or a diminution of her injuries.

10. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff has suffered in the past and will continue to suffer into the future significant pain, mental anguish, humiliation and disfigurement and the limitation and restrict of her usual activities, pursuits and pleasures.

11. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff has suffered in the past and will continue to suffer into the future a loss of earnings and earning capacity as well as additional financial expenses and/or losses.

12. The injuries sustained by plaintiff were caused solely and proximately by the negligence of the defendant, its agents, servants and/or employees and/or its ostensible agents, servants and/or employees and were in no way caused by any act or omission on the part of the plaintiff.

WHEREFORE, plaintiff demands judgment in her favor and against defendant in an amount in excess of $150,000.00 as compensatory damages, together with costs, interest and any further and additional relief that this Honorable Court deems appropriate.

A jury trial is demanded.

BARISH ◆ ROSENTHAL

Dated: 2/4/16

By: _____
ANTHONY M. DIGIULIO, Esquire